```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**JOHN D. COCKSHUTT,**

      **Plaintiff,**

   vs.                                       **Case No. 2:12-cv-532**
                                                             **Judge Marbley**
                                                            **Magistrate Judge King**

**STATE OF OHIO, DEPARTMENT OF
REHABILITATION & CORRECTION,
*et al.*,**

      **Defendants.**


## OPINION AND ORDER

Plaintiff John D. Cockshutt, a state prisoner, alleges that his security level was increased based on a false conduct charge, denying him his rights to due process and to be free from cruel and unusual punishment.  This matter is now before the Court, with consent of the parties pursuant to 28 U.S.C. § 636(c), for consideration of *Plaintiff's Reply to Defendant Schmutz's Response for Production of Documents and Request for Order* ("*Plaintiff's Motion to Compel*"), Doc. No. 60, in which plaintiff seeks to compel the production of documents from defendant Trooper Schmutz.  Defendant Schmutz has not filed a response.

Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to provide a proper response to requests for production of documents under Rule 34.  Rule 37(a) expressly provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer,

or respond." Fed. R. Civ. P. 37(a)(4).  "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-cv-273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio Sept. 25, 2006) (citing *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D.D.C. 1999)).  Relevance for discovery purposes is extremely broad; *Miller v. Fed. Express Corp.*, 186 F.R.D. 376, 383 (W.D. Tenn. 1999); Rule 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  "The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence."  *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970) (citations omitted).

    Plaintiff argues that defendant Schmutz failed to produce any of the documents sought in plaintiff's January 17, 2013 discovery request.  *Plaintiff's Motion to Compel*, p. 1.  Plaintiff further argues that defendant Schmutz improperly asserted that the documents sought were privileged or that the documents were not in his possession.  *Id.* at pp. 1-2.  Plaintiff has not, however, provided the Court with a copy of his discovery request or any information regarding the documents sought.  Under the circumstances, the Court cannot conclude that the documents plaintiff seeks to compel are relevant to his claims.

    *Plaintiff's Motion to Compel*, Doc. No. 60, is therefore **DENIED**.

February 28, 2013                                  *s/Norah McCann King*
                                                  Norah M$^c$Cann King
                                          United States Magistrate Judge