```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**JOHN D. COCKSHUTT,**

       **Plaintiff,**

     vs.                                   **Case No. 2:12-cv-532**
                                                      **Magistrate Judge King**

**STATE OF OHIO, DEPARTMENT OF
REHABILITATION & CORRECTION,
*et al.*,**

       **Defendants.**

## OPINION AND ORDER

       Plaintiff John D. Cockshutt, a state prisoner, alleges that his security level was increased based on a false conduct charge, denying him his rights to due process and to be free from cruel and unusual punishment.  The *Complaint*, Doc. No. 4, seeks expungement of plaintiff's conduct report as well as monetary damages. This matter is now before the Court, with consent of the parties pursuant to 28 U.S.C. § 636(c), for consideration of plaintiff's motion for *Substitution of Defendant* ("*Plaintiff's Motion*"), Doc. No. 55. Defendants oppose *Plaintiff's Motion*, *Defendants' Response to Plaintiff's Motion for Substitution of Defendant* ("*Defendants' Response*"), Doc. No. 61, and plaintiff has filed a reply. *Plaintiff's Motion [] Contra to the Defendant[s'] Response* ("*Plaintiff's Reply*"), Doc. No. 66.  Also before the Court is plaintiff's *Motion to Appoint Counsel*, Doc. No. 67.

       The *Complaint*, Doc. No. 4, was filed on June 18, 2012 and names as a defendant, *inter alios*, Ernie Moore, who is the former Director

of the Ohio Department of Rehabilitation and Correction ("ODRC") and the current Warden of the Lebanon Correctional Institution. *Id*. at p. 1. The docket indicates that service was effected on "Ernie Moore (Gary Mohr) Director ODRC". *See* Doc. No. 9, pp. 1-3. However, Gary Mohr, the current Director of ODRC, asserts that it was he who was actually served instead of Ernie Moore. *Defendants' Response*, p. 3. Gary Mohr filed an answer on August 17, 2012, indicating that, as the current Director of ODRC, he has been automatically substituted for "former ODRC Director Ernie Moore" pursuant to Fed. R. Civ. P. 25(d). *Answer of Defendants Gary Mohr, Gary Croft, and Casey Barr to Plaintiff's Complaint, with Jury Demand*, Doc. No. 21, p. 1 n.1.

Plaintiff now seeks to substitute Ernie Moore as defendant instead of Gary Mohr. Plaintiff notes that Ernie Moore was the Director of ODRC at the time of the events that gave rise to this action; plaintiff expressly asks that Gary Mohr be dismissed as a defendant. *Plaintiff's Motion*, p. 2.

The parties seem to agree that Ernie Moore is the proper defendant and that Gary Mohr's participation in the action was erroneous. *See id.*; *Defendants' Response*, pp. 5-6; *Plaintiff's Reply*, p. 1. The parties also agree that Fed. R. Civ. P. 25(d) did not serve to effect the automatic substitution of Gary Mohr for Ernie Moore because Ernie Moore was not the Director of ODRC at the time this action was filed. *Plaintiff's Reply*, p. 1; *Defendants' Response*, p. 4. The Court agrees with that determination. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold

2

office *while* the action is pending. The officer's successor is automatically substituted as a party.") (emphasis added).

Accordingly, to the extent that Gary Mohr has participated in this action, he has done so mistakenly and has not acted on behalf of any party. Gary Mohr is not a proper defendant in this action and he has no responsibility or authority to act in this case. The *Answer of Defendants Gary Mohr, Gary Croft, and Casey Barr to Plaintiff's Complaint, with Jury Demand*, Doc. No. 21, is therefore ordered **STRICKEN** to the extent that it relates to Gary Mohr.

Plaintiff has filed a summons and a Marshals service form for defendant Ernie Moore. *See* Doc. No. 68. Plaintiff is **ADVISED** that he must also provide a copy of the *Complaint* before service can be effected on Ernie Moore. Should plaintiff provide a copy of the *Complaint*, the United States Marshal will be **DIRECTED** to effect service of process by certified mail on Ernie Moore, who shall have 45 days after service of process to respond to the *Complaint*.

Also before the Court is plaintiff's *Motion to Appoint Counsel*. Defendant Schmutz has filed a motion to dismiss for failure to state a claim, Doc. No. 31, defendant Ernie Moore has not been served with service of process, and the remaining defendants have filed an answer, Doc. Nos. 21, 33. Because the action has not yet progressed to the point that the Court is able to evaluate the merits of plaintiff's claim, the *Motion to Appoint Counsel*, Doc. No. 67, is **DENIED** without prejudice to renewal at a later stage of the proceedings. *See Henry v. City of Detroit Manpower Dept.*, 763 F.2d 757, 760 (6th Cir. 1985) ("[I]n considering an application for appointment of counsel, district

3

courts should consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit.").

This *Opinion and Order* resolves plaintiff's motion for *Substitution of Defendant*, Doc. No. 55, and plaintiff's *Motion to Appoint Counsel*, Doc. No. 67.  The Clerk is **DIRECTED** to remove Doc. Nos. 55 and 67 from the Court's pending motions list.


March 11, 2013                                   *s/Norah McCann King*
                                             Norah M<sup>c</sup>Cann King
                                        United States Magistrate Judge

4