```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

**JOHN D. COCKSHUTT,**

      **Plaintiff,**

   vs.                                                **Case No. 2:12-cv-532**
                                                            **Magistrate Judge King**

**STATE OF OHIO, DEPARTMENT OF**
**REHABILITATION & CORRECTION,**
*et al.*,

      **Defendants.**

## OPINION AND ORDER

Plaintiff John D. Cockshutt, a state prisoner, filed this action on June 18, 2012, against Trooper Schmutz and twelve employees of the Ohio Department of Rehabilitation and Correction ("ODRC"), the Madison Correctional Institution ("MaCI"), and the Lebanon Correctional Institution ("LoCI"), alleging that his security level was increased because of a false conduct charge, thereby denying him his rights to due process and to be free from cruel and unusual punishment.  This matter is now before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), for consideration of *Defendant Sergeant Bo Schmutz's Motion to Dismiss* ("*Motion to Dismiss*"), Doc. No. 31, *Plaintiff's Response to Defendant Sargeant Bo Schutz's Motion to Dismiss* ("*Plaintiff's Response to Motion to Dismiss*"), Doc. No. 38, and defendant Schmutz's reply, Doc. No. 41. Without first seeking leave to do so, plaintiff has also filed a sur-reply, Doc. No. 50.

Also before the Court is plaintiff's motion for leave to amend the *Complaint*, *Motion to Take Leave to Amend Pleadings* ("*Plaintiff's*

*Motion to Amend"*), Doc. No. 40. Defendant Schmutz opposes *Plaintiff's Motion to Amend* on the basis that amendment would be futile. *Memorandum in Opposition of Defendant Bo Schmutz to Plaintiff's Motion for Leave to Amend His Complaint* ("*Schmutz's Response*"), Doc. No. 52. Some of the remaining individual defendants have filed a notice of intent not to oppose *Plaintiff's Motion to Amend,* see Doc. No. 51, and other defendants, Mr. Pierce and Ernie Moore,[1] have not filed a response. Plaintiff has filed a reply, *Plaintiff's Surreply Brief*, Doc. No. 57. For the reasons that follow, *Plaintiff's Motion to Amend*, Doc. No. 40, is **GRANTED** in part and **DENIED** in part. Defendant Schmutz's *Motion to Dismiss*, Doc. No. 31, is **GRANTED**.

I. Background

The proposed amended complaint[2] alleges that, while incarcerated at MaCI, plaintiff was investigated for his alleged involvement in a plot to smuggle a gun into MaCI so that he could kidnap a nurse, escape from MaCI, and then murder the nurse. *Plaintiff's Motion to Amend*, p. 10. During this investigation, defendant Schmutz allegedly interrogated plaintiff without identifying himself as an Ohio State Trooper and without reading plaintiff his *Miranda* rights. *Id*. at pp. 9-11. The proposed amended complaint also alleges that defendant Schmutz, and nearly every other defendant, falsely informed plaintiff that Ronald May was the confidential informant who provided information about the alleged plot. *Id*. These actions, plaintiff

---

[1] Defendant Ernie Moore was served with process on May 13, 2013. *See* Doc. No. 80.
[2] The proposed amended complaint is attached to *Plaintiff's Motion to Amend* as the *Memorandum of Support*.

2

alleges, resulted in a "false conduct report" that has been included in plaintiff's institutional record. *Id.* at pp. 10-11.

As a result of the alleged false conduct report and other allegedly false evidence, plaintiff was found guilty at a Rules Infraction Board ("RIB") hearing of attempting to escape and attempting to convey firearms into the institution. *Id.* at pp. 3-4, 8, 11-12. Plaintiff was also "placed in isolation for six months" and transferred to a higher security prison, which has caused plaintiff "to have a mental breakdown" and has caused "serious physical deterioration of" plaintiff's health. *Id.* at pp. 11-12.

The proposed amended complaint further alleges that plaintiff's chance of release on parole has been "jeopardized" because "the inclusion of the false conduct report in [plaintiff's] institutional record will likely cause his [p]arole to be denied." *Id.* at p. 11. According to the proposed amended complaint, had defendant Schmutz identified himself as an Ohio State Trooper during the investigation, plaintiff would have called defendant Schmutz as a witness at the RIB hearing and he would have likely not been found guilty.

**II.  Standard**

Whether or not to grant leave to amend a pleading under Fed. R. Civ. P. 15(a)(2) falls within the district court's discretion. *General Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising that discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

3

allowance of the amendment [and] futility of the amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. *See Roth Steel Prods. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983). In determining whether dismissal on this basis is appropriate, a complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *See Bower v. Fed. Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. Cmty. Mut. Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994). The United States Supreme Court has explained that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). However, a plaintiff's claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*. Accordingly, a complaint must be dismissed – and a motion for leave to amend a complaint must be denied – if the complaint or proposed amended complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

4

**III. Discussion**

As noted *supra*, plaintiff's proposed amended complaint alleges that his security level was increased based on a false conduct charge, thereby denying him his rights to due process and to be free from cruel and unusual punishment. Plaintiff also alleges that he did not receive *Miranda* warnings prior to being interrogated at MaCI in June 2010.

As an initial matter, plaintiff concedes that the proposed amended complaint asserts no new substantive allegations against defendant Schmutz. *See Plaintiff's Reply*, p. 1 ("First, it should be noted that the leave to amend being sought does not in any way affect this Defendant."). The Court notes, however, that the proposed amended complaint now asserts claims against defendant Schmutz in his official capacity. *See Plaintiff's Motion to Amend*, p. 9.

Official capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)). In the instant action, defendant Schmutz is an officer of the Ohio State Highway Patrol. This state agency is immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution. *See Beil v. Lake Erie Corr. Records Dept.*, 282 F. App'x 363 (6th Cir. 2008). *See also Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) (Eleventh

5

Amendment sovereign immunity applies not only to the states themselves but also to "state agents and instrumentalities"). The Eleventh Amendment does not, however, preclude official capacity claims for prospective injunctive relief. *Ex parte Young*, 209 U.S. 123 (1908).

In the case presently before the Court, the proposed amended complaint does not contain a demand for relief beyond asking that the Court grant "relief." *See Plaintiff's Motion to Amend*, p. 12. The *Complaint*, however, seeks monetary damages and the expungement of the alleged false conduct report. *Complaint*, p. 10. Plaintiff's requested expungement would be retroactive in nature. *See Belill v. Hummel*, 835 F.2d 877, 1987 WL 24114, at *5 (6th Cir. Dec. 1, 1987). Because plaintiff seeks only retroactive relief and monetary damages, defendant Schmutz is entitled to Eleventh Amendment immunity on plaintiff's official capacity claims.

Plaintiff's due process claims against defendant Schmutz are premised on (1) defendant Schmutz's alleged failure to identify himself as a state trooper and to provide *Miranda* warnings prior to interrogating plaintiff at MaCI in June 2010 about the alleged plot to convey a gun into MaCI and (2) jeopardizing plaintiff's chances of release on parole by including a false conduct report in his institutional record. *See Plaintiff's Response to Motion to Dismiss*, pp. 5-6. The proposed amended complaint fails to state a claim against defendant Schmutz on either theory.

First, regardless of whether *Miranda* warnings were required when plaintiff was investigated in June 2010, *see Howes v. Fields,* -- U.S. --, 132 S.Ct. 1181 (2012), plaintiff cannot state a cause of action

6

under § 1983 based solely on the failure to give *Miranda* warnings; the proper remedy for a *Miranda* violation is the exclusion of evidence in a criminal proceeding. *McLoughlin v. Maxwell*, 705 F.2d 456, 1982 U.S. App. LEXIS 11837, at *2-3 (6th Cir. Aug. 3, 1982) ("Although the failure to give *Miranda* warnings may result in the exclusion of a statement from evidence in a criminal trial, it does not subject the officer to liability for damages under the Civil Rights Act."). *See also Jones v. Cannon*, 174 F.3d 1271, 1290-91 (11th Cir. 1999) ("'The reading of *Miranda* warnings is a procedural safeguard rather than a right arising out of the fifth amendment itself. . . .  Thus, the remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a section 1983 action[.]'") (quoting *Warren v. City of Lincoln*, 864 F.2d 1436, 1442 (8th Cir. 1989)). Accordingly, plaintiff has failed to state a colorable due process claim based on defendant Schmutz's alleged failure to provide *Miranda* warnings.

As to the second alleged due process violation, the proposed amended complaint alleges that the inclusion of a false conduct report in plaintiff's institutional record and the increase in plaintiff's security status violates the due process clause because it "will likely cause [plaintiff's] [p]arole to be denied," and thus, will "jeopardize[]" his liberty interest in release on parole. *Plaintiff's Motion to Amend*, pp. 10-11.  To establish a procedural due process violation, a plaintiff "must show that the state deprived him or her of a constitutionally protected interest in 'life, liberty, or property' without due process of law." *Swihart v. Wilkinson*, 209 F.

7

App'x 456, 458 (6th Cir. 2006) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).

In the case presently before the Court, plaintiff has failed to allege that he has been deprived of a constitutionally protected liberty or property interest. First, the proposed amended complaint alleges that plaintiff's liberty interest in parole has been "jeopardized" in that his parole "will likely" be denied. *Plaintiff's Motion to Amend*, pp. 10-11. These allegations are insufficient to state a due process claim because they are based on mere specultaiton. Second, the United States Constitution does not guarantee an inmate's release on parole, *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Swihart*, 209 F. App'x at 458, and "'[t]he state of Ohio has not created a liberty interest in parole eligibility, as it has a completely discretionary parole system.'" *Michael v. Ghee*, 498 F.3d 372, 378 (6th Cir. 2007) (quoting *Swihart*, 209 F. App'x at 458-59). *See also Saunders v. Williams*, 89 F. App'x 923, 924 (6th Cir. 2003); *State ex rel. Hattie v. Goldhardt*, 630 N.E.2d 696, 698 (Ohio 1994); O.R.C. § 2967.03 (providing that Ohio's adult parole authority "may" grant parole to a parole-eligible inmate under certain circumstances).

To the extent that plaintiff alleges that his transfer to LoCI violates the due process clause, plaintiff has failed to state a colorable claim for relief. An inmate has no constitutional right to be incarcerated in a particular institution, *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Crosky v. Ohio Dept. of Rehab. & Corr.*, No. 2:09-cv-400, 2012 WL

8

748408, at *9 (S.D. Ohio Mar. 8, 2012), "or to enjoy a particular security classification." *Crosky*, 2012 WL 748408 at *9 (citing *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)).  Plaintiff has also failed to allege that defendant Schultz had any involvement in the RIB hearing, in filing the alleged false conduct charge, or in the decision to transfer plaintiff to LoCI.

Finally, plaintiff alleges that the false allegations made against him, being "placed in isolation for six months," and being transferred to LoCI "constitute cruel and unusual punishment." *Plaintiff's Motion to Amend*, p. 12.  The Eighth Amendment prohibits punishment that contravenes the civilized standards of humanity and decency, or which involves the unnecessary and wanton infliction of pain. *See Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted).  To prove an Eighth Amendment violation, an inmate must show that he has been deprived of the minimum civilized measures of life's necessities. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, "placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society [and] it is insufficient to support an Eighth Amendment claim." *Estep v. Million*, 191 F.3d 451, 1999 U.S. App. LEXIS 23827, at *2-3 (6th Cir. Sept. 24, 1999) (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).  Moreover, plaintiff makes no factual allegations about the actual conditions of his confinement, nor does he allege that the RIB proceedings resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life.  Accordingly

9

the proposed amended complaint fails to state a colorable Eighth Amendment claim as to defendant Schmutz.

In sum, the allegations in the proposed amended complaint, even taken as true, fail to state a colorable claim for relief against defendant Schmutz. Accordingly, as to defendant Schmutz, *Plaintiff's Motion to Amend*, Doc. No. 40, is futile and, thus, it is **DENIED**. As to the claims against the remaining defendants, *Plaintiff's Motion to Amend* is **GRANTED**.

*Plaintiff's Motion to Amend* indicates that the proposed amended complaint is attached to the *Motion to Amend* as the *Memorandum of Support*. The Clerk is therefore **DIRECTED** to indicate on the docket that Doc. No. 40 is both the *Amended Complaint* and a *Motion to Amend the Complaint*.

Plaintiff concedes that there are no substantive differences, as to defendant Schmutz, between the *Amended Complaint* and the *Complaint*.[3] *See Plaintiff's Reply*, p. 1. The *Complaint* therefore also fails to state a colorable claim against defendant Schmutz. Accordingly, defendant Schmutz's *Motion to Dismiss*, Doc. No. 31, is **GRANTED**.

June 3, 2013                              *s/Norah McCann King*
                                          Norah McCann King
                                          United States Magistrate Judge

---

[3] The proposed amended complaint actually asserts new claims against defendant Schmutz in his official capacity. However, as discussed *supra*, plaintiff's official capacity claims cannot proceed.