IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN D. COCKSHUTT,**

  **Plaintiff,**

 vs.           Civil Action 2:12-cv-532
               Magistrate Judge King

**STATE OF OHIO DEPARTMENT OF
REHABILITATION & CORRECTION,
*et al.*,**

  **Defendants.**

## OPINION AND ORDER

**I. Background**

  Plaintiff John D. Cockshutt, a state prisoner, filed this action on June 18, 2012, naming as defendants Trooper Schmutz and twelve employees of the Ohio Department of Rehabilitation and Correction ("ODRC"), the Madison Correctional Institution ("MaCI"), and the Lebanon Correctional Institution ("LoCI"), and complaining that his security level had been increased because of a false conduct charge. Plaintiff alleges that his rights to due process and to be free from cruel and unusual punishment were thereby violated. The Court has previously set forth the factual allegations of this case:

> The [*Amended Complaint*, Doc. No. 40,] alleges that, while incarcerated at MaCI, plaintiff was investigated for his alleged involvement in a plot to smuggle a gun into MaCI so that he could kidnap a nurse, escape from MaCI, and then murder the nurse. [*Id*. at] p. 10. During this investigation, defendant Schmutz allegedly interrogated plaintiff without identifying himself as an Ohio State Trooper and without reading plaintiff his *Miranda* rights. *Id*. at pp. 9-11. The [*Amended Complaint*] also alleges that defendant Schmutz, and nearly every other defendant, falsely informed plaintiff that Ronald May was the confidential informant who provided information about the

> alleged plot. *Id*. These actions, plaintiff alleges, resulted in a "false conduct report" that has been included in plaintiff's institutional record. *Id*. at pp. 10-11.
>
> As a result of the alleged false conduct report and other allegedly false evidence, plaintiff was found guilty at a Rules Infraction Board ("RIB") hearing of attempting to escape and attempting to convey firearms into the institution. *Id*. at pp. 3-4, 8, 11-12. Plaintiff was also "placed in isolation for six months" and transferred to a higher security prison, which has caused plaintiff "to have a mental breakdown" and has caused "serious physical deterioration of" plaintiff's health. *Id*. at pp. 11-12.
>
> The [*Amended Complaint*] further alleges that plaintiff's chance of release on parole has been "jeopardized" because "the inclusion of the false conduct report in [plaintiff's] institutional record will likely cause his [p]arole to be denied." *Id*. at p. 11. According to the [*Amended Complaint*], had defendant Schmutz identified himself as an Ohio State Trooper during the investigation, plaintiff would have called defendant Schmutz as a witness at the RIB hearing and he would have likely not been found guilty.

*Opinion and Order*, Doc. No. 86, pp. 2-3 (footnotes omitted).

On October 24, 2012, defendant Schmutz filed a motion to dismiss for failure to state a claim, Doc. No. 31. Plaintiff thereafter filed a motion to amend the complaint, Doc. No. 40. On June 3, 2013, the Court granted plaintiff leave to amend, but denied leave as to defendant Schmutz on the basis of futility and granted defendant Schmutz's motion to dismiss. *Opinion and Order*, Doc. No. 86. This matter is now before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), for consideration of plaintiff's motion to reconsider the Court's June 3, 2013 *Opinion and Order*, *Plaintiff's Objections to the Magistrate's Orders* ("*Motion to Reconsider*"), Doc. No. 88. This matter is also before the Court for consideration of *Plaintiff's Motion to Amend the Scheduling Order*, Doc. No. 82, *Plaintiff's Motion to Compel*, Doc. No. 83, *Plaintiff's*

2

*Motion to Supplement the Record*, Doc. No. 87, and *Defendants' Motion to Amend the Scheduling Order*, Doc. No. 93. Each motion will be addressed in turn.

**II. Discussion**

    **A. Motion to Reconsider**

Plaintiff's *Motion to Reconsider* asks the Court, pursuant to Fed. R. Civ. P. 60(b), to reconsider its June 3, 2013 *Opinion and Order*, Doc. No. 86, which denied leave to amend the complaint as to defendant Schmutz and granted defendant Schmutz's motion to dismiss. Plaintiff argues that the Court failed to consider the cumulative effect of defendant Schmutz's actions and that reconsideration is necessary in light of the fact that plaintiff was denied parole on May 28, 2013 by the Ohio Adult Parole Authority. *Motion to Reconsider*, p. 2. According to plaintiff, "Due Process is clearly implicated by" defendant Schmutz's actions and, had evidence of plaintiff's parole denial been available, the Court's June 3, 2013 *Opinion and Order* "would have been different." *Motion to Reconsider*, p. 2.

As an initial matter, "by its terms, Rule 60(b) applies only to final judgments." *Mallory v. Eyrich,* 922 F.2d 1273, 1277 (6th Cir. 1991). However, courts "'have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.'" *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008) (quoting *Mallory*, 922 F.2d at 1282). *See also Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1 (1943) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment"). A court may properly

3

reconsider an interlocutory order "'whe[re] there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'" *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.Com, L.P.,* 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)).  A motion for reconsideration "should not be used to re-litigate issues previously considered."  *Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 671 (6th Cir. 2003).

Plaintiff asks the Court in a related motion to supplement the record with the May 28, 2013 decision of the Ohio Adult Parole Authority denying parole to plaintiff.  *Motion to Supplement the Record*, Doc. No. 87.  Plaintiff represents that evidence of this denial was not available until approximately the time that the Court's June 3, 2013 *Opinion and Order* was issued and that the evidence is material to that *Opinion and Order*.  *See Motion to Reconsider*, p. 2.  The Court **GRANTS** plaintiff's *Motion to Supplement the Record* as unopposed.  *See* S.D. Ohio Civ. R. 7.2(a)(2).  The Court concludes, however, that evidence of the May 28, 2013 decision of the Ohio Adult Parole Authority denying plaintiff parole is not material to the Court's June 3, 2013 *Opinion and Order*.

Plaintiff's due process claims against defendant Schmutz are premised on (1) defendant Schmutz's alleged failure to identify himself as a state trooper and to provide *Miranda* warnings prior to interrogating plaintiff at MaCI in June 2010 about the alleged plot to convey a gun into MaCI and (2) the jeopardy to plaintiff's chances of

4

parole by the inclusion of an allegedly false conduct report in plaintiff's institutional record. For the reasons articulated in the June 3, 2013 *Opinion and Order*, the *Amended Complaint* "fails to state a claim against defendant Schmutz on either theory." *Opinion and Order*, Doc. No. 86, pp. 6-9. As discussed in that order, plaintiff does not allege that defendant Schmutz was involved in filing the alleged false conduct charge, plaintiff cannot state a cause of action under § 1983 based solely on the failure to provide a *Miranda* warning, *see McLoughlin v. Maxwell*, 705 F.2d 456, 1982 U.S. App. LEXIS 11837, at *2-3 (6th Cir. Aug. 3, 1982), and neither the United States Constitution, *see Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006), nor the State of Ohio have created a liberty interest in parole eligibility, *Michael v. Ghee*, 498 F.3d 372, 378 (6th Cir. 2007) (quoting *Swihart*, 209 F. App'x at 458-59). Plaintiff's arguments to the contrary notwithstanding, this conclusion is not affected by the "cumulative effect" of plaintiff's allegations, *see Motion to Reconsider*, p. 2, nor is it significant – from a legal perspective - that plaintiff was actually denied parole. Accordingly, plaintiff's *Motion for Reconsideration* is **DENIED**.

    **B.**    **Scheduling Order**

The Court's *Scheduling Order*, Doc. No. 44, required that discovery be completed by May 31, 2013, and that dispositive motions be filed no later than June 30, 2013. After some confusion among the parties as to the identity of the proper defendants in this action,[1]

---

[1] The parties debated whether it was Gary Mohr, the current Director of ODRC,

defendant Ernie Moore was served with process on May 13, 2013. Doc. No. 80.  This defendant filed an *Answer* on June 27, 2013.  Doc. No. 92.

On May 28, 2013, plaintiff filed *Plaintiff's Motion to Amend the Scheduling Order*, asking the Court to extend the May 31, 2013 discovery completion date for 60 days because service of process had not yet been perfected on defendant Ernie Moore and because defendants had thus far refused to provide discovery.  Defendants (excluding defendant Schmutz) filed a response to that motion, *Defendants' Response*, Doc. No. 91, and also filed *Defendants' Motion to Amend the Scheduling Order*, Doc. No. 93.  *Defendants' Response* and motion ask the Court to extend the discovery deadline, but to limit additional discovery to only those requests propounded between plaintiff and defendant Ernie Moore.  Defendants also ask to extend the deadline for the filing of dispositive motions to thirty (30) days after the close of discovery.  Plaintiff has filed a reply, Doc. No. 97, insisting that an extension of the discovery deadline is necessary because service had only recently been perfected on defendant Ernie Moore.

The Court agrees that an extension of the current case schedule is necessary to permit discovery between plaintiff and defendant Ernie Moore.  Plaintiff has not, however, articulated a persuasive argument as to why additional discovery is necessary for the remaining defendants.  Plaintiff argues that additional time for discovery is necessary because defendants have not responded to certain discovery

---

or Ernie Moore, the current Warden of LoCI, who was a proper defendant in this action.  *See Opinion and Order*, Doc. No. 70.

6

requests. Those requests are, however, the subject of *Plaintiff's Motion to Compel*, which is discussed *infra*. Furthermore, the existence of a discovery dispute does not, by itself, justify an extension of the discovery deadline because, as is the case here, the dispute can be addressed in a Rule 37 motion to compel. Accordingly, *Plaintiff's Motion to Amend the Scheduling Order*, Doc. No. 82, is **GRANTED in part** and **DENIED in part**. *Defendants' Motion to Amend the Scheduling Order*, Doc. No. 93, is likewise **GRANTED in part** and **DENIED in part**. The *Scheduling Order*, Doc. No. 44, is **MODIFIED** as follows:

Discovery between plaintiff and defendant Ernie Moore may proceed and must be completed no later than September 20, 2013. The parties are **ADVISED** that this discovery completion date requires that discovery requests be made sufficiently in advance to permit response by that date.

Dispositive motions may be filed no later than November 11, 2013.

C. **Motion to Compel**

*Plaintiff's Motion to Compel* seeks to compel the production of documents from defendants Ackley, Johnson, and Schmutz. Plaintiff seeks, *inter alia*, the production of documents relating to the investigation and interrogation of plaintiff in MaCI in May and June 2010 and the charges underlying plaintiff's RIB proceeding. *See Plaintiff's Motion to Compel*, pp. 1-2. Plaintiff specifically seeks information about the "prisoner witnesses and confidential informants[]" who provided information to defendants, *id*., arguing that those documents will substantiate his claim that the charge underlying his RIB proceeding was false and "that the entire plot was

7

fabricated by the Defendants." *Id*. at p. 8.

### 1. Standard

Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to provide a proper response to requests for production of documents under Rule 34. Fed. R. Civ. Pro. 37(a)(3)(B). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-cv-273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio Sept. 25, 2006) (citing *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D.D.C. 1999)).

Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is extremely broad. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970). However, "district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)). *See also Lewis*, 135 F.3d at 402 (determining the proper scope of discovery falls within the broad discretion of the trial court).

8

Finally, the party moving to compel discovery must certify that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). *See also* S.D. Ohio Civ. R. 37.2. *Plaintiff's Motion to Compel* does not technically contain a certification that plaintiff has in good faith conferred or attempted to confer with defendants in an effort to obtain the disputed discovery without court action. However, it is apparent that the parties have reached impasse in their attempts to resolve their dispute.

### 2. Discussion

As discussed *supra*, plaintiff seeks to compel the production of documents related to prisoner witnesses and confidential informants who provided information during the investigation of and interrogation relating to plaintiff's RIB proceeding. Defendants argue that such documents "constitute[] a Confidential Law Enforcement Investigatory Record pursuant to [O.R.C.] § 149.41(A)(1)(h)" because their disclosure would (1) "create a high probability of [disclosing] the identity of an information source to whom confidentiality has been reasonably promised," (2) "create a high probability of disclosure of specific confidential investigatory techniques or procedure or specific investigatory work product," and/or (3) "create a high probability that information disclosed would endanger the life of a confidential information source." *Defendants' Response*, pp. 7-9. *See also Defendant Schmutz's Response*, Doc. No. 84, p. 2 (also arguing that a federal common law privilege applies and that, in any event,

9

defendant Schmutz does not possess any of the documents requested).

Defendants' arguments to the contrary notwithstanding, O.R.C. § 149.41(A)(1)(h) does not protect relevant documents from discovery requests in a civil action such as this.  As the Ohio Supreme Court recognized in *Henneman v. City of Toledo*, 520 N.E.2d 207 (Ohio 1988), the Ohio Public Records Act, O.R.C. § 149.43, *et seq.*, does not create an "absolute privilege" from discovery and "does not protect records from a proper discovery request in the course of litigation, if such records are otherwise discoverable."  *Henneman*, 520 N.E.2d at 210-11. In fact, classifying a document as a Confidential Law Enforcement Investigatory Record pursuant to O.R.C. § 149.41(A)(1)(h) serves only "to exempt the records . . . from the requirement of availability to the general public on request."  *See id*. at 211.  In short, defendants' argument that the documents requested by plaintiff are privileged under the Confidential Law Enforcement Investigatory Record exception to the Ohio Public Records Act, O.R.C. § 149.41(A)(1)(h), is without merit.  *See Rose v. State Farm Fire & Cas. Co.*, No. 2:10-CV-874, 2011 WL 6151585, at *1-2 (S.D. Ohio Dec. 9, 2011); *Mattox v. Vill. of Geneva on the Lake*, No. 1:05-CV-2325, 2006 WL 3762096, at *1-2 (N.D. Ohio Dec. 20, 2006).

Nevertheless, the Court recognizes that the documents requested by plaintiff highly sensitive and that their disclosure should not be lightly required.  Defendants have not, in the Court's view, adequately addressed the pertinent issues associated with plaintiff's request for the production of these documents, *i.e.*, whether the documents are privileged on some other basis and whether the *Amended*

10

*Complaint* states a colorable claim for relief. As to the latter, the *Amended Complaint* alleges that every defendant participated in the "fabrication of [the alleged] false Conduct report" and the finding of guilt at the RIB hearing. *Amended Complaint*, p. 11. As noted *supra*, plaintiff alleges that the drafting and filing of the allegedly false conduct report and the inclusion of his RIB conviction in his institutional record violates his right to due process because his liberty interest in release on parole has been thereby jeopardized. *Id*. at pp. 1-9, 11. Plaintiff also alleges that the false allegations of misconduct, being "placed in isolation for six months," and being transferred to LoCI "constitute cruel and unusual punishment." *Id*. at p. 12. However, as discussed in the Court's June 3, 2013 *Opinion and Order*, Doc. No. 86, and *supra*, plaintiff has no liberty interest in parole. Similarly, inmates have no constitutional right to be incarcerated in a particular institution, *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Crosky v. Ohio Dept. of Rehab. & Corr.*, No. 2:09-cv-400, 2012 WL 748408, at *9 (S.D. Ohio Mar. 8, 2012), "or to enjoy a particular security classification." *Crosky*, 2012 WL 748408 at *9 (citing *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)).

Out of an abundance of caution and a concern that the issues presented by *Plaintiff's Motion to Compel* have not been adequately explored, the Court concludes that additional briefing is necessary prior to resolution of that motion. The Court will therefore reserve ruling on *Plaintiff's Motion to Compel* at this time.

**WHEREFORE**, based on the foregoing, Plaintiff's *Motion to*

11

*Supplement the Record*, Doc. No. 87, is **GRANTED**.

Plaintiff's *Motion to Reconsider*, Doc. No. 88, is **DENIED**.

Plaintiff's *Motion to Amend the Scheduling Order*, Doc. No. 82, is **GRANTED in part** and **DENIED in part**.

*Defendants' Motion to Amend the Scheduling Order*, Doc. No. 93, is **GRANTED in part** and **DENIED in part**.

The *Scheduling Order*, Doc. No. 44, is **MODIFIED** as follows:

Discovery between plaintiff and defendant Ernie Moore may proceed and must be completed no later than September 20, 2013. The parties are advised that the discovery completion date requires that discovery requests be made sufficiently in advance to permit response by that date.

Dispositive motions may be filed no later than November 11, 2013.

*Plaintiff's Motion to Compel*, Doc. No. 83, remains pending.

The parties are **DIRECTED** to address, within twenty-one (21) days of this order, the Court's concerns regarding whether the documents that plaintiff seeks are privileged and whether the *Amended Complaint* states a colorable claim to relief against any defendant. Any motion filed pursuant to this order shall be briefed within rule.


August 9, 2013                              *s/Norah McCann King*
                                              Norah McCann King
                                        United States Magistrate Judge

12