```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

**JOHN D. COCKSHUTT,**

       **Plaintiff,**

    vs.                                          **Civil Action 2:12-cv-532**
                                                        **Magistrate Judge King**

**STATE OF OHIO DEPARTMENT OF
REHABILITATION & CORRECTION,**
*et al.*,

       **Defendants.**

## OPINION AND ORDER

**I.   Background**

    Plaintiff John D. Cockshutt, a state prisoner, filed this civil rights action on June 18, 2012, naming as defendants Trooper Schmutz and twelve employees of the Ohio Department of Rehabilitation and Correction ("ODRC"), the Madison Correctional Institution ("MaCI"), and the Lebanon Correctional Institution ("LoCI"), and complaining that his security level had been increased because of a false conduct charge.  Plaintiff alleges that his rights to due process and to be free from cruel and unusual punishment were thereby violated.

    The *Amended Complaint*, Doc. No. 40, alleges that, while incarcerated at MaCI, plaintiff was investigated for his alleged involvement in a plot to smuggle a gun into MaCI so that he could kidnap a nurse, escape from MaCI, and then murder the nurse.  *Id*. at p. 10.  During this investigation, defendant Schmutz allegedly interrogated plaintiff without identifying himself as an Ohio State Trooper and without reading plaintiff his *Miranda* rights.  *Id*. at pp.

9-11.  The *Amended Complaint* also alleges that defendant Schmutz, and nearly every other defendant, falsely informed plaintiff that one Ronald May was the confidential informant who had provided information about the alleged plot.  *Id*.  These actions, plaintiff alleges, resulted in a "false conduct report" that has been included in plaintiff's institutional record.  *Id*. at pp. 10-11.  The conduct report was allegedly drafted by defendant Scott Ackley, an MaCI Investigator.  *Id*. at p. 2.

As a result of the allegedly false conduct report and other allegedly false evidence, plaintiff was found guilty at a Rules Infraction Board ("RIB") hearing of attempting to escape and attempting to convey firearms into the institution.  *Id*. at pp. 3-4, 8, 11-12.  Defendant Lt. Lambert, the RIB Chairperson, allegedly prohibited plaintiff from calling Ronald May as a witness at the RIB hearing.  *Id*. at p. 4.  Plaintiff appealed his RIB conviction, but defendant Ernie Moore, the former Director of the ODRC and current Warden of LoCI, and defendant Rod Johnson, the Warden of MaCI, allegedly failed to investigate the actions of their employees and denied plaintiff's appeals.  *Id*. at p. 1.  Defendant Melody Haskins, an MaCI Warden's Administrative Assistant, also allegedly denied plaintiff's administrative appeals.  *Id*. at p. 6.

As a result of the allegedly false conduct report and his conviction at the RIB hearing, plaintiff was "placed in isolation for six months" and transferred to a higher security prison, which has caused plaintiff "to have a mental breakdown" and has caused "serious physical deterioration of" plaintiff's health.  *Id*. at pp. 11-12.  The

2

*Amended Complaint* further alleges that plaintiff's chance of release on parole has been "jeopardized" because "the inclusion of the false conduct report in [plaintiff's] institutional record will likely cause his [p]arole to be denied."[1]  *Id*. at p. 11.

On October 24, 2012, defendant Schmutz filed a motion to dismiss for failure to state a claim, Doc. No. 31, and plaintiff thereafter filed a motion to amend the complaint, Doc. No. 40.  On June 3, 2013, the Court granted plaintiff leave to amend, but denied leave as to defendant Schmutz on the basis of futility and granted defendant Schmutz's motion to dismiss.  *Opinion and Order*, Doc. No. 86.

This matter is now before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), for consideration of defendants' motion for an extension of time, Doc. No. 101, and on *Defendants' Motion for Leave to File Defendants' Motion for Judgment on the Pleadings Instanter*, Doc. No. 102, in which defendants seek leave to file a motion for judgment on the pleadings one day after the deadline established in the Court's August 9, 2013 *Opinion and Order*, Doc. No. 98.  Defendants' motions are unopposed, and the motions are for that reason **GRANTED**.  *See* S.D. Ohio Civ. R. 7.2(a)(2).

Also before the Court is *Defendants' Motion for Judgment on the Pleadings* ("*Defendants' Motion*"), Doc. No. 103, which was filed on behalf of the twelve remaining defendants.  Plaintiff opposes *Defendants' Motion*, *Plaintiff[']s Response to Defendants['] Motion for Judgment on the Pleadings*, Doc. No. 113.  Defendants have filed a reply, Doc. No. 115.  For the reasons that follow, *Defendants' Motion*

---

[1]  Plaintiff was in fact denied parole on May 28, 2013.  *See* Doc. No. 87.

3

is **GRANTED**.

**II. Standard**

Defendants move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings filed pursuant to Rule 12(c) is evaluated by reference to the same standard as is a motion to dismiss under Rule 12(b)(6). *See Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011). In determining whether dismissal on this basis is appropriate, an amended complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *See Bower v. Fed. Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. Cmty. Mut. Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994). The United States Supreme Court has explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). However, a plaintiff's claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*. Accordingly, an amended complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

**III. Discussion**

Plaintiff brings this action under 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or

4

> the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. A *prima facie* case under § 1983 requires evidence of (1) conduct by an individual acting under color of state law that causes (2) the deprivation of a right secured by the Constitution or laws of the United States. *Day v. Wayne Cnty. Bd. of Auditors*, 749 F.2d 1199, 1202 (6th Cir. 1984) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). Section 1983 merely provides a vehicle for enforcing individual rights established elsewhere and does not itself establish any substantive rights. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). Moreover, liability based on a theory of *respondeat superior* is not cognizable under § 1983. *See Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005); *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). In order to be held liable under § 1983, a defendant with supervisory authority must have either "encouraged the specific incident of misconduct or in some other way directly participated in it." *Turner*, 412 F.3d at 643.

As noted *supra*, the *Amended Complaint* alleges that plaintiff's security level was increased because of a false conduct charge, thereby denying him his rights to due process and to be free from cruel and unusual punishment. Plaintiff also complains that he did not receive *Miranda* warnings prior to being interrogated at MaCI in June 2010. The *Amended Complaint* asserts claims against each

defendant in his or her individual and official capacities.  *See Amended Complaint*, pp. 1-9.

### A. Official Capacity Claims

Official capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Id*. (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)).  In the present action, the remaining defendants are all employees of ODRC, MaCI, or LoCI.  MaCI and LoCI are both subdivisions of ODRC, which is a state agency, is immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution.  *See Beil v. Lake Erie Corr. Records Dept.*, 282 F. App'x 363 (6th Cir. 2008).  *See also Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) (Eleventh Amendment sovereign immunity applies not only to the states themselves but also to "state agents and instrumentalities").  The Eleventh Amendment does not, however, preclude official capacity claims for prospective injunctive relief.  *Ex parte Young*, 209 U.S. 123 (1908).

In the case presently before the Court, the *Amended Complaint* does not contain a demand for relief beyond asking that the Court grant "relief."  *See Amended Complaint*, p. 12.  The *Complaint*, however, sought monetary damages and the expungement of the alleged false conduct report.  *Complaint*, Doc. No. 4, p. 10.  Plaintiff's requested expungement would be retroactive in nature.  *See Belill v.*

6

*Hummel*, 835 F.2d 877, 1987 WL 24114, at *5 (6th Cir. Dec. 1, 1987). Because plaintiff seeks only retroactive relief and monetary damages, defendants are entitled to Eleventh Amendment immunity on plaintiff's official capacity claims.

    B.    **Individual Capacity Claims**

Plaintiff alleges that his due process rights were violated in connection with his RIB hearing. Specifically, plaintiff alleges that he "could not take a properly conducted Voice-Stress Test, Polygraph Test, or even [] call witnesses . . . at the RIB Hearing" and, after having been found guilty at the RIB hearing, plaintiff's security status was increased and he "was placed in isolation for six months." *Amended Complaint*, pp. 11-12. Plaintiff also alleges that defendants "jeopardized his Liberty Interest with the Parole Board, because the inclusion of the false conduct report in his institutional record will likely cause his Parole to be denied, even though he is not guilty of any of the false allegations made against him in that conduct report." *Id*. The *Amended Complaint* fails to state a colorable due process claim on any of these theories.

The *Amended Complaint* alleges that the inclusion of a false conduct report in plaintiff's institutional record and the increase in plaintiff's security status violates the due process clause because it "will likely cause [plaintiff's] [p]arole to be denied," and thus, will "jeopardize[]" his liberty interest in being released on parole. *Id*. at pp. 10-11. In order to establish a procedural due process violation, a plaintiff "must show that the state deprived him or her of a constitutionally protected interest in 'life, liberty, or

7

property' without due process of law." *Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).

In the case presently before the Court, plaintiff has failed to allege that he has been deprived of a constitutionally protected liberty or property interest. First, the *Amended Complaint* alleges that plaintiff's liberty interest in parole has been "jeopardized" in that his parole "will likely" be denied. *Amended Complaint*, pp. 10-11. These allegations are insufficient to state a due process claim because the United States Constitution does not guarantee an inmate's release on parole, *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Swihart*, 209 F. App'x at 458, and "'[t]he state of Ohio has not created a liberty interest in parole eligibility, as it has a completely discretionary parole system.'" *Michael v. Ghee*, 498 F.3d 372, 378 (6th Cir. 2007) (quoting *Swihart*, 209 F. App'x at 458-59). *See also Saunders v. Williams*, 89 F. App'x 923, 924 (6th Cir. 2003); *State ex rel. Hattie v. Goldhardt*, 630 N.E.2d 696, 698 (Ohio 1994); O.R.C. § 2967.03 (providing that Ohio's adult parole authority "may" grant parole to a parole-eligible inmate under certain circumstances). Furthermore, plaintiff's transfer to LoCI does not implicate the due process clause because, ordinarily, inmates have no constitutional right to be incarcerated in a particular institution, *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Crosky v. Ohio Dept. of Rehab. & Corr.*, No. 2:09-cv-400, 2012 WL 748408, at *9 (S.D. Ohio Mar. 8, 2012), "or to enjoy a particular security classification." *Crosky*,

2012 WL 748408 at *9 (citing *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)).

Plaintiff has also failed to allege that he has been deprived of a constitutionally protected liberty or property interest with respect to his six month "place[ment] in isolation." In *Sandin v. Conner*, 515 U.S. 472 (1995), the United States Supreme Court held that due process liberty interests created by prison regulations are

> generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id*. at 484 (internal citations omitted). In other words, the due process clause simply does not apply to a prison disciplinary proceeding unless, as a result of the proceeding, an inmate suffers some particularly unusual or serious punishment in relation to the ordinary incidents of prison life. *See Bazzetta v. McGinnis*, 430 F.3d 795, 803-04 (6th Cir. 2005) ("[T]he Constitution itself can create protectible liberty interests, but only if corrections officials impose restraints upon the prisoner which 'exceed [the prisoner's] sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force.'"); *Crosky*, 2012 WL 748408 at *7; *Bloodworth v. Timmerman-Cooper*, 2:10-CV-926, 2010 WL 4384250, at *2 (S.D. Ohio Oct. 26, 2010). The transfer from one prison to another and spending six months in "isolation" simply do not fall within the category of punishments that courts have found to be unusual or atypical. *See Bazzetta*, 430 F.3d at 804 (no liberty interest in transfer from one prison to another); *Jones v. Baker*, 155 F.3d 810,

812 (6th Cir. 1998) (Finding that a two-and-one-half year stay in administrative segregation did not "implicat[e] a protected liberty interest") (citing *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997)); *Merchant v. Hawk-Sawyer*, 37 F. App'x 143, 145-46 (6th Cir. 2002). *Cf. Wilkinson v. Austin,* 545 U.S. 209 (2005)(inmates had a liberty interest protected by the Fourteenth Amendment's due process clause in avoiding assignment to Ohio's supermax prison); *Vitek v. Jones*, 445 U.S. 480, 489-90 (1980) (finding a liberty interest in not being involuntarily committed to a mental hospital); *Washington v. Harper*, 494 U.S. 210 (1990) (finding a protectable liberty interest in not being involuntarily subjected to psychotropic drugs).  In short, even if, as plaintiff alleges, *see Amended Complaint*, p. 11, the RIB hearing was premised on a "false conduct report" and even if plaintiff was denied a "properly conducted Voice-Stress Test, Polygraph Test, or . . . witnesses . . . at the RIB Hearing," plaintiff's due process rights were not implicated by the RIB proceeding because those proceedings did not subject plaintiff to a significant and atypical hardship. *See Sandin*, 515 U.S. at 484; *Williams v. Wilkinson*, 51 F. App'x 553, 557-58 (6th Cir. 2002) (Finding no liberty interest implicated where a prisoner was not permitted to call witnesses at an RIB hearing because the punishment received was not a "significant and atypical hardship").

Finally, to the extent that the *Amended Complaint* alleges a due process violation with respect to defendants' alleged failure to provide *Miranda* warnings prior to plaintiff's interrogation at MaCI in

10

June 2010 regarding the alleged plot to convey a gun into MaCI, the *Amended Complaint* fails to state a claim for relief.  Regardless of whether *Miranda* warnings were required when plaintiff was investigated in June 2010, *see Howes v. Fields,* -- U.S. --, 132 S.Ct. 1181 (2012), plaintiff cannot assert an independent cause of action under § 1983 based solely on the failure to provide *Miranda* warnings; the proper remedy for a *Miranda* violation is the exclusion of evidence in a criminal proceeding.  *McLoughlin v. Maxwell*, 705 F.2d 456, 1982 U.S. App. LEXIS 11837, at *2-3 (6th Cir. Aug. 3, 1982) ("Although the failure to give *Miranda* warnings may result in the exclusion of a statement from evidence in a criminal trial, it does not subject the officer to liability for damages under the Civil Rights Act.").  *See also Jones v. Cannon*, 174 F.3d 1271, 1290-91 (11th Cir. 1999) ("'The reading of *Miranda* warnings is a procedural safeguard rather than a right arising out of the fifth amendment itself. . . .  Thus, the remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a section 1983 action[.]'") (quoting *Warren v. City of Lincoln*, 864 F.2d 1436, 1442 (8th Cir. 1989)).

Plaintiff also alleges that his subjection to false allegations, his placement in isolation for six months, and his transfer to LoCI "constitute cruel and unusual punishment." *Amended Complaint*, p. 12. The Eighth Amendment prohibits punishment that contravenes the civilized standards of humanity and decency, or which involves the unnecessary and wanton infliction of pain. *See Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted).  To prove an Eighth Amendment violation, an inmate must show that he has been deprived of

11

the minimum civilized measures of life's necessities. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, "placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society [and] it is insufficient to support an Eighth Amendment claim." *Estep v. Million*, 191 F.3d 451, 1999 U.S. App. LEXIS 23827, at *2-3 (6th Cir. Sept. 24, 1999) (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). Moreover, plaintiff makes no factual allegation about the actual conditions of his confinement, nor does he allege the deprivation of life's necessities. Accordingly, the *Amended Complaint* fails to state a colorable Eighth Amendment claim.

In short, the allegations in the *Amended Complaint*, even taken as true, fail to state a colorable claim for relief against defendants. Accordingly, *Defendants' Motion for Judgment on the Pleadings*, Doc. No. 103, is **GRANTED.**

Based on the foregoing, plaintiff's motion to compel, Doc. No. 83, which seeks, *inter alia*, information about the "prisoner witnesses and confidential informants[]" who provided information to defendants during May and June 2010, is now moot. The parties' related discovery motions, Doc. Nos. 99, 100, 105, and defendants' motion to vacate the dispositive motions deadline, Doc. No. 114, are now also moot. Doc. Nos. 83, 99, 100, 105, 114 are therefore **DENIED as moot.**

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in favor of defendants.

December 10, 2013                              *s/Norah McCann King*
                                              Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge